UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Cr. No. 4:04-cr-00762-TLW |
| vs. ) | |
| ) | ORDER |
| Gilbert Harris, Jr. ) | |
| _____) | |

This matter is before the Court on Defendant's Motion for Relief from Judgment, filed January 21, 2015, in which Defendant asserts that he is actually innocent and that his convictions are the result of constitutional violations by the Government. Doc. #134. Having reviewed the motion, the record, and relevant authority, the Court finds that, for the reasons stated below, the motion should be denied.

On February 1, 2005, Defendant pleaded guilty to (1) conspiracy to possess with intent to distribute 50 grams or more of cocaine and (2) knowingly using and possession of a firearm in furtherance of a drug trafficking crime. See Docs. #8, 34. Defendant was sentenced to 200 months on June 22, 2005. Doc. #40. On appeal, the Fourth Circuit Court of Appeals affirmed the judgment of the District Court. Doc. #62. Subsequently, Defendant's sentence was reduced to 180 months pursuant to reductions in the crack cocaine guidelines. Doc. #105. Defendant appealed this reduction, and the Fourth Circuit affirmed the reduced sentence on July 2, 2009. Doc. #114. Defendant has also challenged his convictions through a petition pursuant to 28 U.S.C. § 2255; however, the petition was denied on October 19, 2009. Doc. #119. Defendant did not appeal denial of his § 2255 petition.

Defendant now comes before the Court asserting two grounds for relief. First, Defendant claims that he is actually innocent of his crimes because the Government failed to prove each

1

element of his convictions. Specifically, he asserts that the Government failed to (1) provide a lab report indicating "proof of drugs"; (2) prove Defendant used a firearm in connection with "a drug trafficking offense"; and (3) prove that he committed a drug trafficking crime to support his 924(c) violation. Second, Defendant claims that because the Government failed to prove each element of his crimes, the Government violated his constitutional rights.

### Actual Innocence

To bring a claim for actual innocence, a defendant must provide new evidence showing "more likely than not that no reasonable juror would have convicted [the petitioner]." McQuiggin v. Perkins, 133 S. Ct. 1924, 1933 (2013). Here, Defendant has not offered any new evidence, and "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." Schlup v. Delo, 513 U.S. 298, 316, 115 S. Ct. 851, 861, 130 L. Ed. 2d 808 (1995). Furthermore, even absent a procedural bar, the Defendant's claims are without merit.

Defendant asserts that the Court should find him actually innocent because the Government offered insufficient proof of his crimes. In making this claim, Defendant offers no *new* evidence; indeed, Defendant's appeal to the Fourth Circuit in 2006 was partially based on the same grounds. See United States v. Harris, 200 F. App'x 182, 183 (4th Cir. 2006) (finding that Defendant "admitted his guilt, and the factual basis for the plea disclosed that there was ample evidence to convict Harris of each offense."). Because the Defendant offers no new evidence, this Court is barred from reaching the merits of his actual innocence claim.

Moreover, Defendant's claim fails even absent a procedural bar. As already stated by the Fourth Circuit, the evidence presented at the plea – which included factual presentations by the Government's agent and admissions by the Defendant – amply supported the Defendant's convictions. See id.; see also United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."). At the guilty plea hearing, the Defendant admitted to each element of his convictions Doc. #45. First, following a factual summary by the Government, the Court questioned the Defendant regarding the drug conspiracy:

> THE COURT: … Mr. Harris, you heard what Agent Flamini said. And I'm not going to go back through that. But the indictment charges that you conspired with others to possess with intent to distribute and to distribute 50 grams or more of crack cocaine. Do you admit that you did that?
>
> DEFENDANT HARRIS: Yes.

Doc. #45 at 20.

The Court next questioned the Defendant regarding his use of a firearm. The Defendant initially denied that the gun was connected to his drug activity. Doc. #45 at 21. However, following an opportunity to discuss the matter with his attorney, the Court again questioned the Defendant about the firearm:

> THE COURT: … Now, let me ask you again, Mr. Harris. After consulting with your attorney, I want to be sure that we're clear with regard to my question. The indictment charges you with using, carrying or possessing a firearm or firearms in furtherance of your drug trafficking activity. That was set forth in this Count 1. I've asked you about that. Did you use, carry or possess a firearm in furtherance of your drug activity?

3

    DEFENDANT HARRIS: Yes.

Doc. #45 at 22. The Court then took additional testimony from the agent regarding the firearm and again questioned the Defendant at length. <u>Id.</u> at 22-25. At each step, the Defendant confirmed the presence of the gun and its connection to the drug activity. <u>Id</u>.

    Defendant provides no new evidence contradicting the evidence presented at his plea hearing, nor has he shown extraordinary circumstances indicating that his admissions were unreliable. Rather, Defendant simply asserts – without a legal basis – that the Government needed additional proof, such as lab reports or firearm type, to obtain a conviction. Thus, as the Fourth Circuit has already found, the Defendant's convictions were amply supported by sufficient evidence. <u>See</u> <u>id.</u>

    The Court also notes that Defendant's conviction pursuant to 18 U.S.C. 924(c) was supported by a drug trafficking crime. Pursuant to 18 U.S.C. 924(c)(2), a "drug trafficking crime means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." Defendant's conviction on count one, a drug distribution conspiracy, is a violation of the Controlled Substances Act, and specifically of sections 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B). <u>See</u> Doc. #8. Thus, the conviction qualifies as a drug trafficking crime. While Defendant argues that this conviction does not count as a drug trafficking crime because he never completed the drug sale, a conviction for conspiracy to distribute drugs does not require a perfected drug distribution act. <u>See United States v. Ferguson</u>, 245 F. App'x 233, 245 (4th Cir. 2007). Therefore, the Defendant's 924(c) conviction was not without sufficient proof of the drug trafficking crime element.

In summary, the Defendant has failed to show that he is actually innocent of his crimes of conviction. Defendant offers no new evidence, and moreover, and the Court finds the available evidence sufficient to support Defendant's convictions. Furthermore, the Defendant's drug conspiracy conviction clearly satisfied the drug trafficking crime element of his 924(c) conviction. As a result, Defendant's actual innocence claim is without merit.

### Constitutional Violations

To the extent that Defendant separately challenges his sentence and conviction based on the Government's alleged constitutional violations in failing to prove the elements of his crimes, Defendant's claims are again procedurally barred and, even absent a procedural bar, are without merit. As a threshold matter, the Defendant's claims are cognizable only through 28 § U.S.C. § 2255. See Provenzale v. United States, 388 F. App'x 285, 286 (4th Cir. 2010) ("A federal prisoner… who seeks to challenge the legality of his conviction or sentence generally must proceed pursuant to § 2255…."). However, Defendant has filed a previous § 2255 motion and has not obtained permission from the Fourth Circuit to file a second or successive motion. See Doc. #67. A second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:

> (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Thus, Defendant must seek permission from the Fourth Circuit before this Court has jurisdiction to hear second or successive § 2255 claims. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (noting that the petitioner was required to seek permission from the circuit

court to file a second or successive motion under § 2255). Furthermore, as noted under the actual innocence analysis, Defendant's claim that the Government offered insufficient evidence is without merit. Thus, even in the absence of a procedural bar these are without merit.

## Conclusion

For the reasons noted above, the Petitioner's motion for relief from judgment is **DENIED**.

    **IT IS SO ORDERED.**

s/ Terry L. Wooten<br>Chief United States District Judge

January 30, 2015
Columbia, South Carolina